[S. F. No. 10831. In Bank.—April 22, 1926.]

WILFRED HARRISON et al., Respondents, v. B. F.
CHABOYA et al., Appellants.

[1] WATERS AND WATER RIGHTS — SPRINGS — DEFINITION.—The term
"spring" in its common acceptation is applied to a damp, marshy
or boggy area, usually of small but definite extent, wherein under-
ground waters from a larger tract of land find their way to the
surface either by a definite outflow or by the surface presenting
such a quantity thereof as will render practicable their assembling
in receptacles.

[2] ID. — ACTION TO QUIET TITLE — EASEMENT — JUDGMENT — SUFFI-
CIENCY OF FINDINGS.—In this action to quiet title to an easement
in certain waters it is held that the findings are sufficient to sup-
port the judgment.

(1) 36 Cyc., p. 809, n. 64.   (2) 40 Cyc., p. 764, n. 4.

APPEAL from a judgment of the Superior Court of
Contra Costa County. · J. C. Needham, Judge Presiding.
Affirmed.

The facts are stated in the opinion of the court.

James D. Whalen for Appellants.

Archibald B. Tinning for Respondents.

RICHARDS, J.—This is an appeal from a judgment of
the superior court of the county of Contra Costa in favor
of the plaintiffs and against the defendants in an action
brought by the former to quiet their title to a certain ease-
ment claimed by them to exist in certain waters which
take their rise upon the land now owned by the defendants
herein and which are thence conducted by said plaintiffs to
the premises owned by them and known as the Harrison
place, lying near the town of Danville, in said county of
Contra Costa.  Plaintiffs derived their ownership of their
said property from their mother, Isabella Harrison, who had
obtained title thereto in about the year 1887 and who not
long thereafter acquired by deed from one William Hemme a
conveyance to all of the waters issuing from a certain spring
located upon the land now owned by the defendants herein,

but of which land said William Hemme had originally been the owner, and the title to which land had descended by mesne conveyances to the defendants herein, who had acquired the same by purchase from the then owners thereof in August, 1922. Shortly thereafter a controversy arose between said defendants and the plaintiffs herein as to the extent and definition of the easement which is the subject of the present litigation. By the terms of the aforesaid conveyance from William Hemme to Isabella Harrison of the easement in question the said Hemme undertook to convey "all of that certain spring and water flowing therefrom, situate, lying and being in the county of Contra Costa, State of California, and particularly described as follows, to wit: 'All the water issuing from our spring, which spring is located on the west end of a certain tract of land,' " describing the land now owned by the defendants herein. At the time of and apparently for some considerable time prior to the date of said conveyance there had been constructed and maintained at the place where the waters referred to therein took their rise a wooden box four feet square at the foot of an alder tree, which was apparently within the area of a boggy or marshy place where an amount of water which underlay and percolated through the larger tract upon which the same was situated came to the surface thereof, occupying an area upon the point of their exudation about forty feet square. The box referred to had been sunk within this damp or marshy area with a view apparently to collect the waters which arose therein, and in order to aid in such collection wooden troughs or drains had been constructed leading into this central receptacle and out of which, by piping, the waters thus assembled were conveyed to the Harrison place. About twenty-six years before the inception of the present litigation the Harrisons, in order to augment the flow of water into this earlier receptacle, which is described in the record as "Box A" or "Spring A," had installed another wooden box about two feet square at a point lying about forty feet southeasterly from said Box A and had led the waters collected therein by means of an iron pipe into Box A. This later installed receptacle is described as "Box B" or "Spring B," and it is in reference to the right of the plaintiffs thereto and to the waters collected therein that the present litigation arose. It was the contention of the respondents herein that the waters collected in

Box A and Box B were waters from one and the same source and as such were embraced within the terms of the early grant to Isabella Harrison. It was the contention of the defendants and appellants herein that the waters thus collected from Box B were from an entirely different and separate source and were not included in said original grant. It was the further contention of the respondents herein that even if the waters thus collected in Box B were not derived from the same general source as those collected in Box A, the plaintiffs were nevertheless entitled to the same by prescription. The issues as thus presented by the pleadings were submitted to the trial court, and upon the issue as to whether the waters collected in Box B were included within the terms of the original grant of the easement to Isabella Harrison the said court made the following findings of fact viz.:

"I.

"That the plaintiffs Wilfred Harrison and Ralph Harrison are the owners of all the waters issuing from that certain spring located on the west end of that certain tract of land situate in the County of Contra Costa, State of California, described as follows, to wit:

"Lots numbered two (2) and four (4) and the south half of the northeast quarter of section 31, township 1 south, range 1 west, Mt. Diablo Meridian, containing 172.48 acres of land.

"Together with the right of way to lay pipes to conduct water from said spring across said last described tract to the said Harrison place, in plaintiffs' complaint described, belonging to the said plaintiffs.

"II.

"Said spring is the same spring described in a deed dated the 26th day of April, 1887, made by William Hemme, to Isabella Harrison, and recorded in the office of the County Recorder of the County of Contra Costa, State of California, on the 29th day of April, 1887, in volume 50 of deeds, at page 231, and consists of the waters issuing from the earth near a clump of laurel trees located about 820 feet southeasterly from the northwest corner of the last above described tract of land, and flowing into a wooden box or catchbasin about four feet square, sunk into the ground, and located near the foot of said laurel trees (the same

being the point 'A' as designated on the diagram referred to in plaintiffs' testimony), and the waters issuing from the earth and flowing into a wooden box about two feet square sunk into the ground and located about 40 feet southeasterly from said first mentioned box or catchbasin (the same being the point 'B' as designated on plaintiffs' said diagram) the water from said smaller box flows through a pipe into said larger box, from which it is conducted away to said Harrison place.''

It is the contention of the appellants herein that the foregoing findings of the trial court, in so far as they relate to the waters issuing from the earth and flowing into the receptacle known as Box B, are entirely unsupported by the evidence in the case. The appellants' first insistence in making this contention is that the term ''spring'' as used in the conveyance of the original easement to Isabella Harrison must be interpreted as having reference only to the four by four box described in the record as ''Box A,'' or ''Spring A,'' and that said term cannot be so extended as to embrace the entire damp, boggy or marshy area within which said receptacle was located. [1] We are of the opinion that this contention is without merit, for the two-fold reason that the term ''spring'' in its common acceptation, at least in California, is a term which in general usage has been applied to a damp, marshy or boggy area, usually of small but definite extent, wherein underground waters from a larger tract of land find their way to the surface thereof and make their presence known either by a definite outflow or by the surface presenting such a quantity thereof as will render practicable their assembling in such receptacles as those described in the record herein as Box A and Box B; and for the further reason that the interpretation which the trial court placed upon said term was the one apparently accepted and acted upon by the parties to the transfer of this easement, since it appears that either before or at the time of such transfer, when said Box A was installed, there was also installed a radiating system of perforated troughs for the assembling of the waters of said marshy area. One of the troughs then installed, as shown by the evidence, extended in the direction of the spot where later Box B was located, and, according to the evidence given by Ralph Harrison, ran through a rocky ridge of earth to the spot where Box B was subsequently placed. The main insis-

tence of the appellants in this regard is that the dry or rocky ridge above referred to constituted a distinct separation between the marshy spot where Box A had been placed and the point where subsequently Box B was located.   We incline to the opinion, however, that the foregoing testimony of Ralph Harrison, if believed by the court, would constitute a sufficient basis for its finding that the waters issuing from the earth at both of the indicated points were waters which had a single source, and hence were embraced within the terms of the original grant of the easement to Isabella Harrison.   [2] If, therefore, the foregoing finding of the trial court was sufficiently supported by the evidence in the case it was in itself sufficient to justify the judgment of the trial court based thereon, and, this being so, it becomes unnecessary for this court to consider or determine whether the asserted title of the plaintiffs to the waters collected in Box B by prescription is or is not sufficiently supported by the evidence in the case.

For the foregoing reasons the judgment herein is affirmed.

Lawlor, J., Shenk, J., Curtis, J., Seawell, J., Lennon, J., and Waste, C. J., concurred.